**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELMY ESMERALDA VEGA-MOLINA, | No.    21-70382 |
| Petitioner, | Agency No. A208-537-987 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2022**
Portland, Oregon

Before:  TALLMAN and CHRISTEN, Circuit Judges, and BLOCK,*** District

Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Petitioner Delmy Vega-Molina, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we need not recite them here.

Substantial evidence supports the agency's adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42 (9th Cir. 2010) (stating standard of review). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). Several events informed the agency's adverse credibility determination. For example, in her credible fear interview, petitioner stated that she was able to escape her boyfriend while he was "high and he was sleeping." But during the hearing, petitioner testified that she ran out of the house, her boyfriend followed her, but she was able to escape from him because she got on a bus before he did. As another example, during her credible fear interview, petitioner stated that she fled to her mother's house and left the country on the same day. But during the hearing, petitioner testified that she went to a friend's

2

house and remained in El Salvador for about three days before leaving the country. As the agency correctly noted, petitioner's statements are plainly inconsistent. *See Shrestha*, 590 F.3d at 1044 ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." (internal citation omitted)).

The above events were related to whether petitioner was persecuted based on her membership in the particular social group "women who are abused because they are seen as lesser, unprotected, and are unable to find support or aid as a result of being females." *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). The agency properly considered "the totality of the circumstances[] and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner has failed to show that the record compels us to reach a contrary conclusion. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007).

Substantial evidence also supports the agency's denial of petitioner's claim for protection under CAT. *See Shrestha*, 590 F.3d at 1048 (stating standard of review). "An adverse credibility determination is not necessarily a death knell to

3

CAT protection." *Id.* But because petitioner's testimony was found not credible, other evidence in the record must compel the conclusion that she "is more likely than not to be tortured." *See id.* at 1048-49. The BIA did not err in concluding that petitioner is not entitled to protection under CAT because there was insufficient objective evidence, beyond her discredited testimony, to demonstrate that she is more likely than not to be tortured if returned.

Petitioner failed to meet her burden of establishing eligibility for asylum, withholding of removal, or protection under CAT. *See id.*

**PETITION DENIED.**